IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVARO GARCIA and MARISA GARCIA, Individually and as Next Friend of CHRISTIAN GARCIA, Plaintiffs, | § § § § § | |
| v. | § § | |
| H&E EQUIPMENT SERVICES, INC., H&E EQUIPMENT SERVICES, LLC, and GENIE INDUSTRIES, INC., Defendants, | § § § § § § | CIVIL ACTION NO. 3:09-CV-2258-P |
| v. | § § | |
| DALLAS NATIONAL INSURANCE COMPANY, Intervenors. | § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court are (1) Dallas National Insurance Company's Motion to Remand and for Attorney's Fees, filed December 21, 2009 (Docket #s 10, 11); (2) The Garcia Intervenors' motion to remand, filed December 23, 2009 (Docket #12); (3) CF Jordan's Motion to Remand and Motion to Dismiss, filed January 27, 2010 (Docket #19); (4) Defendant Genie Industries, Inc.'s Motion for Leave to Designate Responsible Third Party, filed May 21, 2010 (Docket #31); (5) Plaintiffs' Motion for Leave to File Second Amended Complaint, filed May 21, 2010 (Docket #32); and (6) Genie Industries, Inc.'s Motion to Strike, filed June 7, 2010 (Docket #40). After careful consideration of the facts of this case, the Parties' briefing, and the applicable law, the Court hereby GRANTS the

Garcia Motion for Leave to File Second Amended Complaint and REMANDS this case back to state court for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

In 2007, Alvaro Garcia was employed by Mid-Cities Erectors LLC ("Mid-Cities Erectors"). Mid-Cities Erectors rented a boom-lift from H&E Equipment Services, Inc. ("H&E") for use on a construction site. Mr. Garcia operated the boom lift at the construction site. The lift was manufactured by Genie Industries, Inc. ("Genie"). On November 30, 2007, Mr. Garcia was using the lift when he was involved in a tragic accident that ultimately killed him. After the accident, H&E retrieved the lift and placed it in quarantine pending an investigation by all interested parties.

During the quarantine period, H&E did not rent or repair the lift, thereby causing H&E financial loss. In June 2009, H&E sued Mid-Cities Erectors pursuant to the terms of their rental agreement for the cost of repairs to the lift and for lost rent during the time the lift was quarantined and being repaired.

On November 3, 2009, Dallas National Insurance Company ("Dallas National") intervened in the collection suit. Dallas National provided the workers compensation insurance policy for Mid-Cities Erectors's employees and was the entity that paid for the medical care Mr. Garcia received as a result of his injuries. Dallas National alleged that some of the damages and repairs H&E seeks in its lawsuit were caused by H&E itself and/or Genie's (the manufacturer) negligence, not by Mid-Cities Erectors.[1] Dallas National, as Mr. Garcia's subrogee, asserted negligence claims against H&E and Genie for injuries sustained by Mr. Garcia.

---

[1] Dallas National sued H&E Equipment Services, Inc. and H&E Equipment Services, LLC (collectively, "H&E").

2

On November 16, 2009, a second set of intervenors – Alvaro Garcia, his wife Marisa Garcia, and their child, Christian Garcia ("Garcias") – intervened in the collection lawsuit by asserting strict liability and negligence claims against H&E and Genie. The Garcias seek damages for, inter alia, pain and suffering, mental anguish, medical expenses, loss of earning capacity, physical disfigurement and impairment, loss of consortium, loss of household services, and punitive damages.

On November 24, 2009, H&E removed the case to federal court based on diversity jurisdiction. On November 25, 2009, H&E dismissed its breach of contract lawsuit against Mid-Cities Erectors, a non-diverse defendant. On November 30, 3009, the Garcias filed their first amended petition in intervention in state court that purportedly added new defendants, CF Jordan Construction, LLC, CF Jordan Residential of Texas, LLC, and CF Jordan Residential LLC (collectively, "CF Jordan"), who was the general contractor on the jobsite. The Garcias contend they did not know about the notice of removal until after they filed their amended petition.

Dallas National now moves that this action be remanded back to state court because this is a nonremovable workers compensation action. The Garcias and CF Jordan move that this action be remanded to state court because the presence of the general contractor deprives the Court of diversity jurisdiction.

## DISCUSSION

**A.     Is this a Non-Removable Workers Compensation Case?**

28 U.S.C. § 1445(c), which is entitled "Nonremovable actions," states that "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The burden of establishing federal

3

jurisdiction is on H&E – the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

The Texas Workers Compensation Act ("TWCA") creates a right of subrogation for insurers who have paid out workers compensation benefits.

> (b) If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is surrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. The insurance carrier's subrogation interest is limited to the amount of the total benefits paid or assumed by the carrier to the employee or the legal beneficiary.

Tex. Lab. Code Ann. § 417.001(b) (Vernon 2006).

The Court must decide as a threshold matter whether this case was properly removed. To do so, it must determine whether this action "arises under" Texas's workers compensation laws. If so, the Court must find it was improperly removed pursuant to 28 U.S.C. § 1445(c).

In *Jones v. Roadway Express Inc.,* the Fifth Circuit defined "arising under" in § 1445(c) in the same manner it defined "arising under" in § 1331 – "a suit arises under the law that creates the cause of action." 931 F.2d 1086, 1092 (5th Cir. 1991). The *Jones* court determined that a plaintiff's statutory claim for retaliatory discharge in anticipation of filing a claim for workers compensation benefits arose under Texas's workers compensation law.[2] By contrast, the Fifth Circuit held in *Ehler v. St. Paul Fire and Marine Ins. Co.*, 66 F.3d 771, 772 (5th Cir. 1995) and in *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 788 (5th Cir. 1996) that the plaintiffs' claims against their workers

---

[2] The statute under which the *Jones* plaintiff sued was part of the TWCA and stated:

> No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act.

Tex. Rev. Civ. Stat. Ann. art. 8307(c), Section 1 (recodified at Tex. Labor Code Ann. § 45.001 (Vernon 2006)).

4

compensation carriers to set aside a settlement agreement (*Ehler*) and for breach of the duty of good faith and fair dealing (*Patin*), were not civil actions "arising under" the state workers compensation laws because Texas common law, not the Texas Workers Compensation Act, created their causes of action.

In *Unique Staff Leasing I, Ltd v. Extrema Machinery Co, Inc.*, 2008 WL 2713737, Civ. A. No. SA-08-CV-0203 NN (W.D. Tex. July 3, 2008), the subrogee, who was a self-insured workers compensation carrier, instituted a lawsuit against the product manufacturer to recover the death benefits that had been paid to the victim's beneficiaries. This subrogation claim was the only claim involved in the lawsuit. The district court held that because subrogation is a statutory right that is granted under the TWCA, the case is not removable under § 1445(c). The court noted that "while Unique may use negligence and products liability theories to prove Extrema's liability for the allegedly defective gang ripper saw, it would have no legal grounds to bring those claims without the subrogation right created by" the TWCA. *Id.* at *4.

This case's unusual procedural posture complicates the Court's analysis of whether it arises under Texas's workers compensation laws. This case was originally filed by the lessor of the lift (H&E) as a collection case. The defendant to that claim was dismissed from this lawsuit. Two other parties have intervened in this case (Dallas National [the subrogee] and the Garcias [victim's family]), asserting claims against H&E and the manufacturer of the alleged defective product (Genie) that caused the victim's injuries. The Court looks to the nature of the claims to determine whether this case "arises under" the State's workers compensation laws. Dallas National's subrogation claims are statutory claims created by the TWCA. The Garcias' claims are common-law tort claims for negligence and product liability.

5

When this case was removed to federal court, it was no longer a collection case. It was a tort case grounded in negligence and product liability, with an attached subrogation claim. The real injured party in this case is the Garcia family. Their claims are unrelated to any workers compensation cause of action beyond the mere fact that the event and the injury occurred at work. Dallas National's incidental subrogation claim derives from Mr. Garcia's injuries and any compensation he may recover therefrom. Had Mr. Garcia not been injured and had he not sued a third-party in tort, Dallas National would have no subrogation claim.

Furthermore, the subrogation statute limits Dallas National's recovery to the amount of benefits it has paid Mr. Garcia. By contrast, the Garcia family seeks damages for pain and suffering, mental anguish, loss of earning capacity, physical disfigurement, physical impairment, loss of consortium, and loss of household services. Thus, the vast majority of discovery, evidence and testimony in this case will concern the Garcias' common law tort claims, such as the issues of H&E's and Genie's alleged negligence, the condition of the lift, and the Garcia family's personal injuries.

For these reasons, the Court finds that the Garcias' claims form the basis of this civil action. Because the Garcia family's claims all sound in common law tort, the Court finds that this action does not arise under the Texas workers compensation laws and remand is not proper on this basis.

B.  **Was This Case Improperly Removed by a Plaintiff?**

In its reply brief to its motion to remand, Intervenor Dallas National argues for the first time that H&E's removal was improper because H&E is not a "defendant" as required by 28 U.S.C. § 1441. (Docket #16 at 2.) The federal removal statute states that a "defendant" may remove a civil action from state court to federal court if the federal court would also have had original jurisdiction. 28 U.S.C. § 1441(a).

6

H&E responds that this Court should apply the "functional test" which requires analysis of whether a party's claims constitutes the "mainspring of the proceedings" and whether the "continuance of the proceedings" depends on the party. (Docket #30 at 3 quoting *Mason City & Ford Dodge RR Co. v. Boynton*, 204 U.S. 570, 579 (1907).) H&E maintains that because the Garcias' personal injury claims are the "mainspring" of this action and because continuance of this action is not within H&E's control, the Court should consider H&E a defendant for purposes of § 1441.

Dallas National responds by citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) and various other district court cases that have held that a plaintiff is not entitled to remove an action based upon a defendant's counterclaim, even if the counterclaim is the only remaining claim. Dallas National also argues that H&E is asking the Court to "realign" the parties to "trump" *Shamrock*.

Congress has determined which parties may exercise the statutory right to remove cases from state to federal court. Section 1441(a) of Title 28 authorizes state court defendants to remove cases to federal court. As Dallas National points out, defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *see* C. Wright & A. Miller, 14C Fed. Prac. & Proc. Juris.§ 3730 (4th ed. 2010). The Fifth Circuit has held that under § 1441(c), a third-party defendant can remove "if the third-party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court." *Carl Heck Engr. v. LaFourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980).[3]

---

[3] 28 U.S.C. § 1441(c) reads in part: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed . . . " This statute was amended post-*Heck* to allow removal of federal question

7

This case presents a unique situation. H&E was the original plaintiff when it sued Mid-Cities Erectors pursuant to the terms of their contract. When Dallas National intervened in that collection suit, it sued H&E for the cost of Mr. Garcia's medical care. The Garcias also intervened in the lawsuit by asserting strict liability and negligence claims against H&E. H&E removed the case to federal court based on diversity jurisdiction and dismissed its claim against Mid-Cities Erectors.[4]

"In determining whether diversity of citizenship jurisdiction exists, the federal court is not bound by the way the plaintiff formally aligns the parties in his or her original pleading. It is the district judge's duty to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute,' and that is precisely what federal courts do." C. Wright & A. Miller, 13E Fed. Prac. & Proc. § 3607 (3d ed. 2010) (quoting *Zurn Indust., Inc. v. Acton Const. Co., Inc.*, 847 F.2d 234, 236 (5th Cir. 1988). "The necessary collision of interest has to be determined from the principal purpose of the suit, and the primary and controlling matter in dispute." *Zurn,* 847 F.2d at 236 (quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)).

The primary and controlling matter in this dispute is the Garcia family's personal injury claim against H&E and Genie. The principal purpose of this suit is for the Garcia family to pursue negligence and product liability claims against H&E and Genie, with an attached subrogation claim by Dallas National. The real injured party in this case is the Garcia family. All the discovery,

---

claims only, not diversity claims. *See* 28 U.S.C. § 1441(c), The 1990 Amendment of Subdivision (c). Since this case does not involve removal based on federal question jurisdiction, § 1441(c) is inapposite.

[4] It appears that H&E's notice of non-suit against the non-diverse defendant, Mid Cities, was filed on November 25, the day *after* H&E removed the case to federal court. *See* Notice of Removal, filed Nov. 24, 2009 (Docket # 1). Because the non-diverse defendant was still a party to the case at the time of removal, the removal based on diversity was technically improper. However, this technical error does not affect the outcome of this decision because the Court concludes *infra* that remand is appropriate for other reasons.

8

evidence and testimony in this case will concern the Garcia family's common law tort claims and Dallas National's subrogation claim. There are no other claims remaining.

Contrary to Dallas National's position, *Shamrock* and its progeny are distinguishable from this case for an important reason. In this case, unlike in *Shamrock*, H&E is not seeking to remove based on a counterclaim filed against it by a defendant H&E brought into state court. H&E sued Mid-Cities Erectors, not Dallas National or the Garcias. Mid-Cities Erectors did not file a counterclaim against H&E. Instead, Dallas National and the Garcias injected themselves into this lawsuit as intervenors. H&E had no control over where this personal injury action would be litigated – just as a defendant has no control over the plaintiff's choice of forum. H&E did not invite Dallas National's and the Garcias' claims by filing a state court action against Mid-Cities Erectors. Neither Dallas National nor the Garcias were necessary parties to that action. There is no evidence that H&E had reason to know when it filed its claim against Mid-Cities Erectors that it would be defending these claims against unrelated entities.

For purposes of this litigation, H&E stands in the shoes of a defendant and, as a defendant, its removal of this case to federal court was not improper.

## C.   Does Addition of a Non-Diverse Defendant Defeat Federal Jurisdiction?

### 1.

In their motions to remand, the Garcias and CF Jordan argue the case should be remanded because the Garcias added a non-diverse defendant to this case in their amended petition. (Docket #s 12, 19.) Both the Garcias and CF Jordan presume that the Garcias, whose residency is in Texas, are the actual plaintiffs. The new defendant, CF Jordan, is also a Texas entity. Therefore, they

9

reason that the addition of CF Jordan to the case destroys diversity jurisdiction and remand is appropriate.

An examination of the procedural steps taken in this case show that the Garcia Intervenors intervened in this case on November 16, 2009 by asserting claims against Defendants H&E and Genie. H&E removed the case to federal court on the basis of diversity jurisdiction on November 24, 2009. On November 30, 2009, the Garcias filed an amended petition in state court attempting to add CF Jordan as a defendant. According to the Garcias, they did not learn about the removal until after they filed their amended petition adding CF Jordan as a defendant in the state court action. (Docket # 12 at 4.)

When the Garcias filed their amended petition in state court, the state court action no longer existed because it had already been removed to federal court. There is only one lawsuit here, and it was removed to this Court on November 24, 2009 by H&E with Genie's consent (both out-of-state defendants). The Garcias' amended petition, which was filed in state court six days later, was ineffective and did not join CF Jordan as a defendant in this federal court action. Because CF Jordan was not a defendant in this case, it's status as a non-diverse entity could not have destroyed diversity jurisdiction.

**2.**

On May 21, 2010 the Garcias filed a motion in this Court to amend their complaint by adding CF Jordan as a defendant. (Docket # 32.) Rule 15(a) of the Federal Rules of Civil Procedure requires leave to amend be "freely given" unless the opposing party can show prejudice, bad faith, or undue delay. *See Foman v. Davis*, 371 U.S. 178 (1962). H&E argues that the motion should be denied

10

because "the amendment is sought solely for the purposes of destroying diversity." (Docket # 36 at 1.)

H&E argues that the Garcias' motion for leave to amend is not governed by the "freely given" standard of Rule 15, but rather by 28 U.S.C. § 1447(e) which gives the court discretion to deny post-removal attempts to join non-diverse defendants. 28 U.S.C. § 1447(e); *see Multi-Shot LLC v. B&T Rentals, Inc.,* Civil Action No. H-09-3283, 2010 WL 376373, at *8 (S.D. Tex. Jan. 26, 2010). In determining whether to allow joinder of a party under section 1447(e), a district court examines the factors set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), which states that "in balancing the original defendant's interest in maintaining the federal forum against the competing interest in avoiding multiple and parallel litigation, a court considers: (1) 'the extent to which the purpose of the amendment is to defeat federal jurisdiction'; (2) 'whether [the] plaintiff has been dilatory in asking for amendment'; (3) 'whether [the] plaintiff will be significantly injured if amendment is not allowed'; and (4) 'any other factors bearing on the equities.'" *Multi-Shot*, 2010 WL 376373, at *8 (quoting *Hensgens*, 833 F.2d at 1182).

H&E argues that the Garcias sought to add CF Jordan as a defendant solely for the purpose of defeating federal jurisdiction. H&E argues that the fact that the Garcias "discovered" CF Jordan, a non-diverse defendant, "nearly two years" after the accident and within days of removal suggests an improper motive. H&E also argues that the Garcias were dilatory in adding CF Jordan given that the action was removed in November 2009 and their motion for leave to add CF Jordan as a defendant was filed in federal court in May 2010. H&E argues the Garcias "knew or should have known of the non-diverse defendant well before they filed suit . . . It seems impossible that the Garcias would have discovered a non-diverse defendant only days after H&E removed the action to

this Court, especially given that they had almost two years to determine the proper parties." (Docket # 37 at 3.) Third, H&E argues the Garcias will not be harmed by denial of their motion because they can still pursue their claims against CF Jordan in state court.

The Garcias filed their initial claims in this case in state court on November 16, 2009. On November 30, 2009, a mere two weeks later, they sought to amend their state court petition by adding CF Jordan. That same day, the Garcias received notice of H&E's removal, which had been filed six days earlier. Defendants Dallas National and the Garcias filed motions to remand in December 2009. Apparently realizing their motion for leave to amend was filed in the wrong court, the Garcias filed another motion for leave to amend in this Court in May 2010. The Garcias' federal motion for leave to amend was filed before the Court even ruled on the pending motion to remand.

This case is procedurally complex. A review of the docket sheet indicates the Garcias have been actively working this case since joining the lawsuit. In fact, H&E itself recently filed a motion seeking leave to designate a responsible third party (May 2010). (Docket # 31-1.) It is neither dilatory nor harmful at this early stage of the litigation to be adding parties to the case. In fact, this is the appropriate time to be making these decisions.[5]

There is no evidence the Garcias acted in bad faith by seeking to add CF Jordan, the general contractor in charge of the construction site where Mr. Garcia's injury occurred. The Garcias initially sought to add CF Jordan as a defendant to its state court lawsuit. It appears that the Garcias sought to add CF Jordan to this federal case soon after they realized their state court amended

---

[5] The Court rejects H&E's suggestion that the Garcias were dilatory because they waited two years from the date of injury to file their lawsuit. No lawsuit had been filed during those two years and there was no legal requirement to file one. The Court presumes the Garcias were not focused on litigation during that time. Once the Garcias filed their claims, they began to discover and add potential defendants within a reasonable time.

12

petition adding CF Jordan was ineffective. Thus, their reason for adding CF Jordan was not to destroy federal diversity, for they wanted CF Jordan as a defendant in the state court case before diversity jurisdiction was even an issue. CF Jordan will not be prejudiced because it has had notice of this litigation and has been participating in this litigation for some time. Therefore, the Garcias' motion for leave to file their second amended complaint in intervention is hereby GRANTED. (Docket # 32.) The Court hereby directs the District Clerk to file Docket # 33-1 as a separate docket entry and to add CF Jordan as a defendant in this case.

**3.**

Defendant CF Jordan is a Texas company. By adding CF Jordan as a defendant, the Garcias destroyed the diversity jurisdiction that enabled the federal court to preside over this case. *See* 28 U.S.C. 1332. Therefore, the Court hereby REMANDS this case back to the state court for further proceedings.[6]

## CONCLUSION

Therefore, for the reasons stated herein, the Court hereby rejects the arguments made in (1) Dallas National Insurance Company's Motion to Remand and for Attorney's Fees (Docket #11), (2) The Garcia Intervenors' motion to remand (Docket #12), and (3) CF Jordan's Motion to Remand and Motion to Dismiss (Docket #19). The Court declines to consider Defendant's Motion for Leave to Designate Responsible Third Party (Docket #30) and Genie Industries, Inc.'s Motion to Strike (Docket #40). The Court hereby GRANTS Intervenor/Plaintiffs' Motion for Leave to File Second

---

[6] Therefore, the Court will not resolve H&E and Genie's Motion for Leave to Designate Responsible Third Party (Docket #31).

13

Amended Complaint (Docket #32) and hereby REMANDS this case back to the state court for further proceedings.

It is SO ORDERED, this 8th day of July 2010.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

14